UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GORDON ARMSTRONG, BRYON ARMSTRONG, and JENNIFER PAYAN ARMSTRONG,

      Plaintiffs,

  v.

MICHAEL SEXSON, AGENT CORRAL, RITE-AID CORPORATION, and DOES 1-30,

      Defendants.
_____/

NO. CIV. S-06-2200 LKK/EFB

<u>O R D E R</u>

    Plaintiffs, Gordon, Bryon and Jennifer Armstrong, bring suit pursuant to 42 U.S.C. § 1983, alleging, inter alia, that Officer Michael Sexson, a police officer for the City of Manteca, and Agent Michael Corral of the San Joaquin County Narcotics Task Force, violated plaintiffs' Fourth Amendment right to be free from illegal search and seizure.  Defendants Sexson and Corral are sued in both their individual and official capacities.

    On April 24, 2007, the court dismissed the Rite-Aid

Corporation as a defendant and granted plaintiffs leave to file a first amended complaint.[1]  Plaintiffs filed a first amended complaint on May 18, 2007, adding as a defendant the Manteca Police Department and removing Rite-Aid as a defendant.  The First Amended Complaint also removed the adverse condemnation claims which were brought against defendants Sexson and Corral.  Other than those changes, the First Amended Complaint is identical to the original complaint.

Pending before the court are two motions to dismiss, one filed by Officer Sexson and the City of Manteca and the other filed by Agent Corral.  For the reasons discussed herein, the motions to dismiss are granted in part and denied in part.

**I.**

**FACTUAL ALLEGATIONS**

The factual allegations contained in the first amended complaint are essentially identical to those contained in the original complaint.  However, because a new party has been added and another removed, the relevant facts are set forth below.

Plaintiffs' allegations stem from the search and seizure of roughly 116 marijuana plants at plaintiffs' residence in Manteca, California.  Plaintiffs claim they were growing marijuana for both

---

[1] Also on April 24, the court ruled on two motions to dismiss filed by Sexson and Corral.  Defendant Sexson's motion to dismiss was granted with respect to the claims for adverse condemnation and false imprisonment, and denied with respect to the claim for malicious prosecution.  Defendant Corral's motion to dismiss was granted with respect to the claims for adverse condemnation and false imprisonment, but denied with respect to the claims for false imprisonment and wrongful search and seizure.

personal use and for cannabis clubs pursuant to the California Compassionate Use Act.  First Amended Complaint ¶ 5 ("FAC"). Plaintiffs allege that they did not know precisely how much marijuana leaves the crop would yield, or how much cannabis cooperatives would use.  FAC ¶ 6.

Plaintiffs maintain that in 2004, defendant Sexson obtained a "defective search warrant" to search plaintiffs' property.  FAC ¶ 7.  The warrant was allegedly defective for several reasons. First, the warrant was based on the allegedly illegal observations of Agent Corral.  The affidavit in support of the warrant reflects that Corral saw plaintiff Jennifer Payne Armstrong cultivating marijuana plants in a vineyard and that the marijuana plants "were concealed under the vines of plants." See Affidavit in Support of Warrant, Ex A to Berry Decl.[2]  Plaintiffs allege that "there was no way that Agent Corral could have made such an observation without trespassing on the subject premises." FAC ¶ 8. Plaintiffs contend that the warrant failed to explain how Agent Corral "got to be in a position to observe [plaintiff] 'manicuring' marijuana in a vineyard at 30500 Garden Ave." Id. Because the warrant fails to explain where Corral was, plaintiffs aver that Corral trespassed

---

[2] Although the warrant is not attached to the complaint, the court may take judicial notice of the warrant.  "[E]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  The "district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." Id.

1  in order to view the marijuana plants.  Id.

2      Second, plaintiffs allege that the search warrant was
3  deficient because the "confidential warrant was not shown to be
4  reliable in the warrant itself.  No history of reliability,
5  honesty, or basic knowledge were set forth in the warrant." FAC ¶
6  9.  The court assumes, but does not know, that plaintiffs meant to
7  state "confidential informant," not "confidential warrant."

8      Finally, plaintiffs aver that the warrant was based on stale
9  information.  Defendant Sexson received the information regarding
10 the confidential informant on August 24, 2004, approximately 34
11 days prior to the warrant being signed and 43 days prior to the
12 execution of the warrant.  FAC ¶ 10.

13     When defendant Sexson, along with other law enforcement
14 officers, executed the search warrant on plaintiffs' property, they
15 discovered 116 marijuana plants.  FAC ¶ 14. Plaintiffs also concede
16 that there were an additional 28 plants in packaging in a trailer
17 and a "warning system that the defendants mistakenly described as
18 'booby traps.'" Id.  Plaintiffs contend that they were candid with
19 the officers and informed the officers that they were growing for
20 themselves under the Compassionate Use Act and that excess
21 marijuana would be provided to cannabis clubs.  Id.

22     According to the complaint, plaintiffs were arrested and
23 charged with cultivation, possession with intent to sell and "booby
24 trap device."  FAC ¶ 14.  Charges were also brought against
25 Jennifer Payne Armstrong and Bryon Armstrong for possession of
26 methamphetamine.  Id.  Plaintiffs allege that defendant Sexson also

4

1 seized property and "a large amount of money had to be paid as bail
2 by each plaintiff." FAC ¶ 15.

3     The criminal charges against plaintiffs were ultimately
4 dismissed, "shortly after [plaintiffs'] motion to suppress all
5 evidence obtained by the warrant was granted on October 24, 2005."
6 FAC ¶ 16.

7     Plaintiffs' First Amended Complaint asserts two causes of
8 action. The first claim is entitled "wrongful search and
9 seizure/false imprisonment/malicious prosecution" and is brought
10 against defendants Sexson and Corral. The second claim is
11 entitled, "taking/inverse condemnation" and is brought against the
12 Manteca Police Department.

13 **II.**

14 **STANDARD FOR MOTION TO DISMISS**

15 In order to survive a motion to dismiss for failure to state a
16 claim, plaintiffs must allege "enough facts to state a claim to
17 relief that is plausible on its face." Bell Atl. Corp. v. Twombly,
18 127 S.Ct. 1955, 1974 (2007). While a complaint need not plead
19 "detailed factual allegations," the factual allegations it does
20 include "must be enough to raise a right to relief above the
21 speculative level." Id. at 1964-65.

22     As the Supreme Court observed, Federal Rule of Civil Procedure
23 8(a)(2) requires a "showing" that the plaintiff is entitled to
24 relief, "rather than a blanket assertion" of entitlement to relief.
25 Id. at 1965 n. 3. Though such assertions may provide a defendant
26 with the requisite "fair notice" of the nature of a plaintiff's

claim, only factual allegations can clarify the "grounds" on which that claim rests. Id.  "The pleading must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. at 1965 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)).[3]

On a motion to dismiss, the allegations of the complaint must be accepted as true. See Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. See Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). In general, the complaint is construed favorably to the pleader. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982).  That said, the court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

////

////

////

---

[3] The holding in Twombly explicitly abrogates the well established holding in Conley v. Gibson, that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46 (1957); Twombly, 127 S.Ct. at 1968.

6

## III.

## ANALYSIS

**A.   First Cause of Action**

The first cause of action is brought against defendants Sexson and Corral only and is entitled, "wrongful search and seizure/false imprisonment/malicious prosecution." Defendant Sexson moves to strike and dismiss the claims for false imprisonment and malicious prosecution. Defendant Corral moves to dismiss all three claims.

**1.   Claim for False Imprisonment**

Both Sexson and Corral move to dismiss plaintiffs' claim for false imprisonment. In the court's previous order, plaintiffs' false imprisonment claim was dismissed on the grounds that it was duplicative of their claim for wrongful search and seizure. See April 24, 2007 Order at 7. Plaintiffs were given leave to file an amended complaint.

Rather then clarify how their false imprisonment claim differs from their Fourth Amendment claim, plaintiffs merely added a few words to the complaint. The original complaint alleged that defendants violated plaintiffs' Fourth Amendment rights by falsely imprisoning them. The first amended complaint adds that defendants falsely imprisoned them by "limiting the freedom of movement of the plaintiffs and causing their arrest and bail . . . ." FAC ¶ 18. In short, nothing in the first amended complaint cures the defects observed in the court's April 24, 2007 order.

To the extent that plaintiffs are bringing a federal claim for false imprisonment under Section 1983, the claim is redundant of

their claim for wrongful search and seizure. As previously noted in the court's April 24 order, plaintiffs' sole factual allegation regarding false imprisonment is that defendants Sexson and Corral, while acting under the color of state law, wrongfully arrested them based on a defective warrant, thereby violating their Fourth Amendment right to be free from illegal search and seizure.[4]

Given that plaintiffs already assert a claim for wrongful search and seizure in violation of the Fourth Amendment, a claim for false imprisonment also under the Fourth Amendment would be duplicative. In their first amended complaint, plaintiffs fail to set forth any additional allegations which would suggest that their claim for false imprisonment is separate from, or an alternative to, their claim for wrongful search and seizure. Accordingly, the claim of false imprisonment is DISMISSED with prejudice.[5]

**2.  Wrongful Search and Seizure**

In its previous order, the court set forth its reasons for not dismissing plaintiffs' claim for wrongful search and seizure against Defendant Corral. See Order at 11:3-12:16. Given that the

---

[4] Plaintiffs' reliance on Tekle ex rel. Tekle v. United States, 457 F.3d 1088, 1101 (9th Cir. 2006) is misplaced. Although the Tekle case involved a claim for false imprisonment, plaintiffs brought suit under the Federal Tort Claims Act ("FTCA"), which provides an exception to the United States' liability for certain torts, including assault, battery, and false arrest. See 28 U.S.C. § 2680(h). In the case at bar, plaintiffs are not bringing suit pursuant to the FTCA and accordingly, the Tekle case is inapplicable.

[5] The court further notes that for the reasons set forth in its previous order, a claim for false imprisonment under state law would also necessarily fail. See April 24, 2007 Order at 7-8.

court did not dismiss this claim, the claim remained unchanged in plaintiffs' first amended complaint. Despite the court's clear ruling, defendant Corral moves a second time to dismiss this claim. Accordingly, the court views defendant Corral's motion to dismiss as a motion to reconsider the court's previous order.

"Under the 'law of the case' doctrine a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (citing Thomas v. Bible, 983 F.2d 153, 154 (9th Cir. 1993), cert. denied, 508 U.S. 951(1993)).

Local Rule 78-230(k) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances . . . which . . .were not shown upon such prior motion, or what other grounds exist for the motion." Generally speaking, before reconsideration may be granted there must be a change in the controlling law or facts, the need to correct a clear error, or the need to prevent manifest injustice. See Alexander, 106 F.3d at 876.

Dedicating only two paragraphs to the claim, Corral again argues that plaintiffs are misrepresenting the facts:

> There is nothing contained within the warrant to indicate that Corral trespassed on the plaintiff's property. [Plaintiffs] cause of action is without any factual allegations and is pure speculation. The plaintiff does not even allege that Corral did trespass on The Property in order to make the observation contained within the search warrant! The plaintiffs merely allege that 'Coral could not have made such an observation without trespassing on the subject premises.'

9

1  Corral Mot. to Dismiss at 3:9-15 (citing to FAC ¶ 8). Rather than
2  set forth new facts or changes in the law, Corral again avers that
3  he never trespassed and that he observed the marijuana plants as
4  he was conducting an aerial surveillance of the property. See
5  Corral Mot. to Dismiss at 2:3. As the court noted in its April 24,
6  2007 Order, the court is adjudicating a motion to dismiss, not a
7  motion for summary judgment. While it may be the case that Agent
8  Corral did not trespass, on a motion to dismiss the allegations of
9  the complaint must be accepted as true. See Cruz v. Beto, 405 U.S.
10 319, 322 (1972).
11      The complaint clearly alleges that Agent Corral violated
12 plaintiffs' right to be free from illegal searches when he
13 allegedly trespassed on plaintiffs' land. FAC ¶ 8. Corral's
14 contention that this allegation is not made in the complaint is
15 almost nonsensical; the complaint clearly alleges that Corral
16 trespassed. See FAC ¶ 8.
17      As explained in the last order, the court cannot and will not
18 resolve the factual dispute as to where Corral was located when he
19 observed Ms. Armstrong and the marijuana plants. Corral's
20 contention that he was conducting a fly-over when he observed
21 plaintiffs' marijuana activity may be argued on a motion for
22 summary judgment or at trial. For these reasons, Corral's motion
23 to dismiss the claim for wrongful search and seizure must be
24 denied.
25      **3.  Malicious Prosecution**
26      In its last order, the court also clearly set forth why it was

10

not dismissing plaintiffs' claims for malicious prosecution. Nonetheless, both Sexson and Corral move a second time to dismiss this claim. The claim has not changed since plaintiffs' original complaint was filed and accordingly, defendants' Sexson and Corral's motion shall be construed as a motion for reconsideration. Neither party raises new facts or identifies relevant change in the law. On this ground alone, the motion is denied. Nonetheless, the court takes this opportunity to clarify its previous order.

"In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff 'must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right.'" Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004), citing Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995). "[M]alicious prosecution actions are not limited to suits against prosecutors but may be brought . . . against other persons who have wrongfully caused the charges to be filed." Awabdy, 368 F.3d at 1062. Moreover, a "police officer who maliciously or recklessly makes false reports to the prosecutor may be held liable for damages incurred as a proximate result of those reports." Blankenhorn v. City of Orange, 485 F.3d 463, 482 (9th Cir. 2007).

In the case at bar, plaintiffs allege that defendants Sexson and Corral violated their Fourth Amendment rights when they, "advised, assisted, ratified and/or directed the initiation and continuation of prosecution . . . withheld exculpatory information

from the prosecutor, had no probable cause to justify any advocacy for taking action that would result in prosecution, and acted with malice." FAC ¶ 18.

As discussed in the court's previous order, plaintiffs allege that Sexson's affidavit in support of the search warrant was defective, that the information from Agent Corral was obtained illegally, that no information was provided in the warrant about the confidential informant, and that the affidavit was based on stale information. See FAC ¶¶ 8, 9, 10. For these reasons, plaintiffs allege that the subsequent search of their property and their arrest was done without probable cause thereby violating their Fourth Amendment rights. Although Agent Corral did not sign the affidavit in support of the warrant, he did provide information to Officer Sexson and thus could also be held liable for malicious prosecution on the grounds that he caused the charges to be filed. See Awabdy, 368 F.3d at 1066. These factual allegations, while perhaps lacking in detail, are sufficient to state a claim for malicious prosecution.[6]

For these reasons, and for the reasons set forth in the court's previous order, the motion to dismiss plaintiffs' claim for

---

[6] Many of the arguments raised by defendants are best reserved for a motion for summary judgment. For example, whether the plaintiffs' criminal case was terminated in such a manner as to indicate plaintiffs' innocence requires the court to look at the nature of the termination, something that cannot be done on a motion to dismiss. See Awabdy, 368 F.3d at 1068. Plaintiffs' allegation that the criminal case was dismissed by the trial court after certain evidence was suppressed is sufficient to survive a motion to dismiss.

12

malicious prosecution is, for the second time, denied.

**B.  Second Cause of Action**

Plaintiffs' second claim is a pendent state-law cause of action against the Manteca Police Department and is entitled, "takings/inverse condemnation."  Plaintiffs allege that they had a legitimate property interest in the "medical marijuana lawfully maintained at the residence," FAC ¶ 20, and that the Manteca Police Department seized plaintiffs "marijuana and destroyed the gardens for public use without a legitimate public health or safety interest."  FAC ¶ 21.  The City of Manteca moves to dismiss on the grounds that plaintiffs fail to state a claim.  For the reasons discussed herein, the court agrees.

Under California law, a claim of adverse condemnation requires a showing that a public entity has taken or damaged the plaintiffs' property for a public use.  <u>San Diego Gas & Electric Co. v. Superior Court</u>, 13 Cal. 4th 893, 939-940 (1996).  Article I, section 19 of the California Constitution has been interpreted to mean that "any actual physical injury to real property proximately caused by [a public] improvement as deliberately designed and constructed is compensable. . .whether foreseeable or not." <u>Albers v. County of Los Angeles</u>, 62 Cal. 2d 250, 263-264 (1965).

In 1995, the California Supreme Court squarely addressed claims for inverse condemnation arising out of the destruction of property by police officers.  In <u>Customer Co. v. City of Sacramento</u>, the Court held that property damage to plaintiff's liquor store caused by law enforcement officers trying to apprehend

13

a suspect did not amount to taking of private property under the California Constitution.  The Court explained:

> [T]he property damage for which Customer seeks to recover bears no relation to a "public improvement" or "public work" of any kind. Instead, the damage was caused by actions of public employees having "no relation to the function" of a public improvement whatsoever. As the foregoing cases demonstrate, property damage caused in such a manner never has been understood to give rise to an action for inverse condemnation in California

Customer Co. v. City of Sacramento, 10 Cal. 4th 368, 383 (1995). The Customer Co. decision is no anomaly.  It is well established that inverse condemnation claims cannot apply to property damaged by law enforcement officers. See, e.g., Lueter v. State of California, 94 Cal. App. 4th 1285, 1301 (2002)(finding that "the negligent loss of property by a law enforcement agency is not the type of injury for which inverse condemnation may be maintained."); Patel v. United States, 823 F. Supp. 696, 699 (N.D. Cal. 1993) (dismissing claim for inverse condemnation when police officers executing a search warrant and arrest warrant fired smoke grenades, tear gas canisters, and percussion and flash grenades into a rented residence, causing a fire that destroyed the residence).

Plaintiffs' main argument in opposition to the motion is that because they were growing marijuana legally, the cases involving the destruction of property by police are distinguishable. See Pls.' Opp'n at 8.  This argument is unavailing.  While the Compassionate Use Act does provide that marijuana may be legally grown for limited medical purposes, see Cal. Health & Safety Code § 11362.5(d), the act does not provide complete immunity from

14

arrest. In People v. Mower, the California Supreme Court explained:

> Even when law enforcement officers believe that a person who "possesses or cultivates marijuana" is a "patient" or "primary caregiver" acting on the "recommendation or approval of a physician," they may ... have reason to believe that that person does not possess or cultivate the substance for the personal medical purposes of the patient. Thus, we conclude that section 11362.5(d) does not grant any immunity from arrest.

People v. Mower, 28 Cal.4th 457, 469 (2002). Although the Act does not provide for complete immunity from arrest, the Mower court concluded that the Act does provide limited immunity from prosecution and that a criminal defendant could raise the Act as a defense at trial, or as the basis for a motion to set aside an indictment or information prior to trial. Id. at 470. In short, the Act provides for an affirmative defense to prosecution, not to arrest. Accordingly, that plaintiffs may have been legally cultivating marijuana does not protect them from searches and arrests.[7] For this reason, property damage caused by police executing a search warrant does not amount to taking of private property under the California Constitution. The claim for adverse condemnation must be dismissed.[8]

---

[7] As noted in the court's previous order, cultivating large quantities of marijuana is illegal under federal law, see 21 U.S.C. § 841 (b)(1)(B) and there is no medical marijuana exception. See Gonzales v. Raich, 125 S. Ct. 2195 (2005).

[8] Even if the police were acting upon a defective warrant, it is still unlikely that plaintiffs could state a claim for adverse condemnation. Negligent loss of property by law enforcement is not the type of injury for which inverse condemnation may be maintained. Lueter v. State of California, 94

# IV.

# CONCLUSION

The motions to dismiss are granted in part and denied in part, as follows:

1. Defendant Sexson's Motion to Dismiss is GRANTED with prejudice with respect to plaintiffs' claim for false imprisonment and DENIED with respect to plaintiffs' claim for malicious prosecution.

2. Defendant Corral's Motion to Dismiss is GRANTED with prejudice with respect to plaintiffs' claim for false imprisonment and DENIED with respect to plaintiffs' claim for wrongful search and seizure and claim for malicious prosecution.

3. Defendant City of Manteca Police Department's Motion to Dismiss is GRANTED with prejudice.

IT IS SO ORDERED.

DATED: August 7, 2007.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

Cal. App. 4th at 1301. Whether the police action was justified and appropriate is not taken into consideration when determining whether a claim for inverse condemnation may be stated.

16