1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                  EASTERN DISTRICT OF CALIFORNIA

9

10   GORDON ARMSTRONG, BRYON
     ARMSTRONG, and JENNIFER
11   PAYAN ARMSTRONG,

12                                    NO. CIV. S-06-2200 LKK/EFB
              Plaintiffs,
13
        v.                                    O R D E R
14
     MICHAEL SEXSON, AGENT CORRAL,
15   RITE-AID CORPORATION, and
     DOES 1-30,
16
              Defendants.
17   _____/

18        Pending before the court are defendants' motions for summary

19   judgment  and  motions  for  monetary  or  terminating  sanctions.

20   Additionally, the court ordered the plaintiffs to show cause as to

21   why sanctions should not be imposed for plaintiffs' non-compliance

22   with the deadlines set forth in Local Rule 78-230.

23        For  the  reasons  discussed  herein,  the  court  dismisses

24   plaintiffs' remaining claims with prejudice in accordance with

25   Local Rule 11-110. The court also grants defendants' motion for

26   monetary sanctions in the amount of $1,575.

**I.    Dismissal for Non-Compliance With Local Rule 78-230**

On February 8, 2008, the defendants filed motions for summary judgment on the plaintiffs' remaining causes of action,[1] noticed for March 10, 2008. Per Local Rule 78-230, the plaintiffs' opposition or statement of non-opposition was required to have been filed with the court no later than February 25, 2008. No such filing was made and on February 28, 2008, the court ordered plaintiffs to show cause as to why it should not impose sanctions, in accordance with Local Rule 11-110. The court also ordered plaintiffs to file an opposition or statement of non-opposition no later than March 3, 2008 and informed plaintiffs that a failure to do so would result in dismissal with prejudice. See Order, February 28, 2008, at 2.

Plaintiffs have not filed an opposition or statement of non-opposition to the defendants' motions, as ordered by the court. Accordingly, the court dismisses the case with prejudice.[2]

**II.   Motion for Monetary Sanctions**

In a motion filed on February 21, 2008, defendant Corral requested sanctions in the form of dismissal of plaintiffs Bryon Armstrong's and Jennifer Payan Armstrong's claims and attorneys'

---

[1] Several of the plaintiffs' claims had been dismissed by the court's August 8, 2007 order.

[2] Although the court does not have the benefit of the plaintiffs' opposition to the defendants' motions for summary judgment, the Court has reviewed those motions and believes -- based on the evidence before it -- that disposal of the case in favor of the defendants is appropriate on the merits as well.

1   fees in the amount of $1,950.[3] Corral bases this motion on the

2   plaintiffs' alleged failure to attend four scheduled

3   depositions.  See Berry Decl. in Supp. of Mot. for Terminating

4   Sanctions ¶¶ 2, 3, 6, 8.  As the Court now dismisses plaintiffs'

5   claims based upon their failure to file a statement of

6   opposition or non-opposition to defendants' motions for summary

7   judgment, the Court considers only defendant Corral's motion for

8   sanctions with respect to the costs of the missed depositions.

9        Under Federal Rule of Civil Procedure 37, a district court

10  may impose sanctions on a party for failure to attend a

11  scheduled deposition.  Fed. R. Civ. P. 37(d).  Under this rule,

12  "the court must require the party failing to act, the attorney

13  advising that party, or both to pay the reasonable expenses,

14  including attorney's fees, caused by the failure." Fed. R. Civ.

15  P. 37(d)(3).  However, such sanctions may not be imposed where

16  there was justification for the failure or where the expenses

17  imposed are unjust.  Id.

18       In this case, plaintiffs Bryon Armstrong and Jennifer Payan

19  Armstrong failed to appear at four depositions attended by both

20  opposing counsel and a reporter, offering no explanation to the

21  Court for their absences.  See Berry Decl. Exs. A-D.  Defendant

22  Corral's attorney further states that he will charge Corral

23

24        [3]Defendant Sexson joined in this motion on February 29, 2008.
     He has not, however, given the court any indication or estimate of
25   costs he incurred due to the missed depositions.  The court
     therefore considers the motion for monetary sanction with respect
26   to defendant Corral only.

1  $1,950 with respect to the costs of ths missed depositions,

2  including "at least . . . $750 with respect to the failed

3  depositions," "$750 for the preparation and hearing of this

4  instant motion," and "$450 in court reporter fees associated

5  with [plaintiffs'] failures to appear" at the depositions.  See

6  Berry Decl. at 2-3.  As no hearing will be held with respect to

7  the motion for sanctions, the Court reduces by half the $750

8  requested by Corral's attorney for hearing preparation.  Based

9  on this reduction and the repeated failures to attend

10  depositions and costs detailed in defendant Corral's motion, the

11  Court therefore grants defendant Corral's motion for sanctions

12  in the amount of $1,575 in attorneys' fees.

13      Accordingly, the Court orders as follows:

14      1.   The Court DISMISSES plaintiffs' remaining claims with

15           prejudice in accordance with the court's February 28,

16           2008 order.

17      2.   Defendant Corral's motion for sanctions (Docket No.

18           60) is GRANTED. Plaintiffs are ORDERED to pay counsel

19           for defendant Corral $1,575.

20      3.   Counsel for plaintiffs shall file an affidavit stating

21           that these sums have not been, and will not be,

22           billed, directly or indirectly, to the client or in

23           any way made the responsibility of the client as

24           attorneys' fees or costs.

25  IT IS SO ORDERED.

26  DATED: March 10, 2008.

                              LAWRENCE K. KARLTON
                              SENIOR JUDGE
                              UNITED STATES DISTRICT COURT